UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH GOURLAY,

    Petitioner,                                                     Civil No. 10-CV-13191

v.                                                               HON. BERNARD A. FRIEDMAN

JOSEPH BARRETT,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

        This matter is before the Court on petitioner Kenneth Gourlay's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his convictions for two counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2); two counts of using a computer to communicate with another to commit child sexually abusive activity, *id.* § 750.145d(2)(f); two counts of distributing or promoting child sexually abusive material, *id.* § 750.145c(3); two counts of using a computer to communicate with another to commit distribution of child sexually abusive material; *id.* § 750.145d(2)(d); third-degree criminal sexual conduct ("CSC"), *id.* § 750.520d(1)(a); and soliciting a child for immoral purposes, *id.* § 750.145a.

        The trial court sentenced petitioner to concurrent prison terms of six to twenty years for the child sexually abusive activity and using a computer to communicate with another to commit child sexually abusive activity convictions; three to seven years for the distributing or promoting child sexually abusive material convictions, four to ten years for the using a computer to communicate with another to commit distribution of child sexually abusive material

convictions, five to fifteen years for the CSC conviction, and 145 days for the soliciting a child conviction. For the reasons that follow, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

Petitioner was convicted on March 9, 2007, following a jury trial in the Washtenaw County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> Justin Berry, at the age of 13, obtained a web camera, which he soon used to broadcast pornographic images of himself over the Internet. Berry also created his own website, the "justinscam" website, which he used to broadcast the images.
>
> Defendant, who owned Chain Communications, a web hosting company, contacted Berry, informing Berry that he was watching Berry over the Internet. Defendant and Berry began to communicate on a daily basis. They talked about computers, but Berry also informed defendant that he wanted to take his website to "the next level." He wanted to place his website with a web hosting company and he wanted the website to have a members-only section. Defendant and Berry discussed different ideas for the new website.
>
> In January 2002, the new website, the "JFWY" website, was created. The purpose of the website was to allow Internet viewers to watch Berry engage in pornographic acts. Chain Communications hosted the website. Defendant registered the domain name, created a members-only section, and programmed the website with a JAVA applet, which provided a near live streaming image. According to Berry, defendant watched the images broadcasted over the website.
>
> In the spring of 2003, Berry moved into an apartment, which he set up with several web cameras so that his Internet viewers could watch him day and night. Berry discussed the apartment and the cameras with defendant. He also informed defendant that he was going to create a new website, the "mexicofriends" website. The purpose of this website was also to allow Internet viewers to watch Berry engage in pornographic acts. Chain

> Communications hosted the website, and defendant registered the domain name, created a members-only section, and programmed the website with the JAVA applet.
>
> Defendant denied knowing that Berry was broadcasting pornographic images of himself over the JFWY and mexicofriends websites. He believed that the JFWY website was a "rouse." Berry explained to him that the website only contained pictures of Berry in "suggestive" poses and that the website's name stood for "just f* * * * * * with you." With the website, Berry "was just f* * * * * * with those pedophiles on the [I]nternet who thought they could get child pornography." When Berry created the mexicofriends website, defendant was led to believe that the website would only contain pornographic images of Berry's Mexican friends. When defendant learned that the website had pornographic images of Berry, he believed that Berry was over the age of 18.

*People v. Gourlay*, No. 278214, 2009 WL 529216, at *1–2 (Mich. Ct. App. Mar. 3, 2009).

The Court adds these additional facts from the record:

Petitioner grew Berry's child pornography business from a home-based, part-time site to a 24/7 operation. The record contains an abundance of evidence consisting of chats between Berry and petitioner showing that petitioner was sexually and romantically attracted to Berry. (March 6, 2007, T. pp. 178, 220–22, 235, 236–37.)

Petitioner persuaded Berry to continue producing his child pornography because it was "lucrative," and that Berry should "milk" it for all it was worth. (March 7, 2007, T. pp. 234–35.) While petitioner claims that Berry had many other legitimate web sites on petitioner's internet server, Berry's Mexicofriends.com web site accounted for 51% of petitioner's Internet traffic on his server. (March 6, 2007, T. pp. 22–23, 24.) Furthermore, child pornographic images from Berry's web sites were found on petitioner's hard drive under a folder labeled

3

"Ken."[1]  (*Id.* at 31.)  Petitioner's conviction was affirmed on appeal.  *See Gourlay*, 2009 WL 529216, at *1, *lv. den.* 772 N.W.2d 382 (2009).

Petitioner has filed a habeas petition seeking relief on the following claims:

> I. The court's failure to instruct the jury on a substantial defense—federal preemption and immunity for an internet service provider who does not create the child pornographic content—resulted in plain error affecting petitioner's substantial rights; alternatively, defense counsel's failure to request a proper federal preemption instruction amounted to ineffective assistance of counsel.
>
> II. Newly discovered *Brady* information demonstrates that the prosecution's primary witnesses gave materially false testimony and concealed material inducements, and petitioner was entitled to an evidentiary hearing on the issue pertaining to being deprived of his rights of confrontation, due process, and a fundamentally fair trial.
>
> III. Petitioner was deprived of the effective assistance of counsel when counsel failed to investigate and present available exculpatory physical evidence, from a computer hard drive, supporting his claim that child pornography was not in his possession knowingly; and was not distributed over the internet.

## II.     STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[1] Petitioner was separately convicted of thirteen counts of third-degree criminal sexual conduct in another case. He unsuccessfully challenged this conviction in another habeas petition. *Gourlay v. Curtin*, No. 10-CV-13746, 2013 WL 3190332 (E.D. Mich. June 20, 2013).

4

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. In other words, a habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. DISCUSSION

## A. Claim I—The jury instruction claim

Petitioner contends that he was denied a substantial defense because the trial court judge failed to instruct the jury on 47 U.S.C. § 230, which provides civil immunity to internet service providers who do not create the child pornographic content at issue, and that his counsel was ineffective for failing to request this instruction. Though respondent contends that petitioner's first claim is procedurally defaulted because trial counsel failed to request such instruction or object, the Court will decide this claim on the merits.

Petitioner's claim is meritless because the jury instructions given accurately reflected Michigan law regarding production and distribution of child pornography, and a § 230 instruction would have been inapplicable.

The Michigan Court of Appeals, too, held against petitioner on this instructional claim:

> Defendant argues that the trial court erred in failing to instruct the jury on federal law, 47 USC 230 (§ 230), and how it relates to whether defendant could be convicted of the pornography offenses. Specifically, defendant argues that the jury should have been instructed that he could not be convicted of the pornography offenses unless it found that he actually contributed to the creation of the child pornography. The jury also should have been instructed, defendant claims, that an Internet service provider does not create pornography by providing bandwidth or by providing technical or artistic assistance. This unpreserved claim of instructional error is reviewed for plain error affecting defendant's substantial rights.
>
> Pursuant to § 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 USC 230(c)(1). An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 USC 230(f)(3). An "interactive computer service" is "any information service, system,

or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 USC 230(f)(2). There is no dispute that Berry was an information content provider for the JFWY and mexicofriends websites and that defendant, acting as Chain Communications, was an interactive computer service provider.

Plaintiff claims that defendant was not entitled to a jury instruction on § 230 because the federal statute only provides immunity from civil liability. There is language in federal civil cases that could suggest Congress only intended to protect interactive computer service providers from civil liability. However, because the federal courts in those cases were not required to address whether § 230 provides immunity from a criminal prosecution, we do not find the statement from *Zeran* and other similar statements persuasive on the issue. Rather, to determine whether § 230 applies to criminal prosecutions, we look to the language of the statute.

In § 230, Congress specified the effect [it] was to have on state laws:

> Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. *No cause of action may be brought and no liability may be imposed under **any** State or local law that is inconsistent with this section.* [47 USC 230(e)(3)(emphasis added).]

Undefined statutory terms should be afforded their common, generally accepted meaning. . . . The term "'[a]ny' means 'every; all.'" *Nat'l Pride At Work, Inc. v. Governor,* 481 Mich. 56, 77, 748 N.W.2d 524 (2008), quoting *Random House Webster's College Dictionary* (1991). Accordingly, the phrase "any State or local law" includes civil and criminal laws. Thus, because Congress intended that no liability may be imposed under a state criminal law that is inconsistent with § 230, we reject plaintiff's argument that § 230 does not apply to criminal prosecutions.

Before trial, defendant moved to quash the pornography charges on the basis that they were "specifically preempted and exempted from state prosecution" by § 230. The trial court denied the motion to quash. It held that § 230 did not preempt the prosecution of the pornography offenses because MCL 750.145c was consistent with

7

> § 230. Defendant does not challenge the trial court's ruling on the motion to quash. He provides no argument that, based on the elements of MCL 750.145c(2) and (3), criminal prosecutions and resulting convictions for either crime would be inconsistent with § 230. Because the trial court held that MCL 750.145c was not inconsistent with § 230, and because defendant does not challenge this ruling, we find no plain error in the trial court's failure to sua sponte instruct the jury on § 230.

*Gourlay*, 2009 WL 529216, at * 2–3 (some internal citations omitted). In other words, the Michigan Court of Appeals found that § 230 does not apply to petitioner. Section 230 provides general civil liability for internet service providers who simply make others' content available. Otherwise, it does not "prevent any State from enforcing any State law that is consistent with this section." § 230(e)(3). The Michigan Court of Appeals held that because the criminal laws at issue punish the intentional actions of internet service providers rather than the mere facilitation protected by § 230, they are not inconsistent with § 230. The Court, having reviewed § 230 and the briefing, agrees.

The question is whether the lack of an inapplicable § 230 instruction had a substantial and injurious effect or influence on the jury's verdict. *See Hedgpeth v. Pulido,* 555 U.S. 57, 61–62 (2008). An omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154–55 (1977). The question must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999). The nature of which jury instructions the trial court judge gives is a matter of state law, and a federal court may not grant a writ of habeas corpus simply because it dislikes the state court's decision. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003).

Here, the Michigan Court of Appeals thoroughly articulated the elements necessary to convict a defendant of child sexually abusive activity and of distributing or

8

promoting child sexually abusive material under the criminal laws at issue. *See Gourlay*, 2009 WL 529216, at * 4–5. The jury instructions, when viewed in their entirety, adequately informed the jury. The trial court judge instructed them that they were required to find that petitioner "persuaded, induced, enticed, coerced, caused or knowingly allowed a child to engage in child sexually abusive activity. And second, that the child sexually abusive activity was for the purpose of producing child sexually abusive material." The jury was instructed on each count which required a finding that petitioner intentionally accosted, enticed, or solicited a child for immoral purposes to produce sexually abusive materials or used a computer in the making of such materials. (March 9, 2007, T. pp. 213–21). And omitting the § 230 instruction does cause a substantial and injurious effect or influence on the jury's verdict because § 230 is inapplicable. This Court defers to the Michigan Court of Appeals' holding. *See Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000).

Petitioner further contends that his trial counsel was ineffective by failing to request that the jury be instructed "regarding federal law which affords immunity to web hosts who do not create pornographic content." (Am. Habeas Br. p. 18.) This claim is meritless because petitioner was not entitled to the § 230 instruction. *See Mathews v. United States*, 485 U.S. 58, 63 (1988); *Williams v. Kentucky*, 124 F.3d 201, 202 (6th Cir. 1997).

To show that he was denied effective assistance of counsel, petitioner must satisfy a two-prong test. First, he must demonstrate that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, petitioner must show that his counsel's performance prejudiced his defense. *Id*. However, "[o]mitting meritless arguments

is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

Here, petitioner's trial counsel made a logical decision not to request an inapplicable, meritless jury instruction. This was not prejudicial to petitioner's defense, so his ineffective assistance of counsel argument also fails.

### B. Claim II—The *Brady* claim

Petitioner alleges that he was improperly denied a new trial that he requested based on newly discovered evidence of PayPal payments. Further, he alleges that the prosecution failed to disclose payments made to Berry by reporter Kurt Eichenwald and emails between them about child pornography. Petitioner submits that this failure affected his Confrontation Clause rights.

Regarding the PayPal payments, Petitioner is not entitled to habeas relief on this newly discovered evidence claim. Freestanding claims of actual innocence based on newly discovered evidence are not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854–55 (6th Cir. 2007) (collecting cases). Petitioner is not entitled to relief for his newly discovered evidence claim under Supreme Court precedent. *See Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007).

Regarding petitioner's failure-to-disclose argument, he asserts that the prosecution conspired to keep hidden payments from Eichenwald to Berry, emails about child pornography, and Eichenwald's memory loss problems, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). There are three elements to a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the

10

evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene,* 527 U.S. 263, 281–82 (1999). This "is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002).

The Court denies relief for two reasons: First, the PayPal payments had no connection to the JFWY and mexicofriends websites; they therefore were not directly relevant to whether petitioner committed the charged offenses. *See Gourlay*, 2009 WL 529216, at *6. Because petitioner has failed to offer any evidence or argument to show that the payments contained exculpatory material, petitioner is not entitled to relief.

Second, any additional impeachment evidence in connection with the PayPal payments would have been cumulative of the extensive evidence that was admitted at trial to impeach Eichenwald's credibility. The record reflects extensive testimony pertaining to the $2,000 payment. (*See* March 8, 2007, T. pp. 87–104.) The record also reflects that testimony was elicited to discredit Eichenwald in an attempt to show he was motivated by greed. (*Id.* at 84–87.)

Neither is petitioner entitled to relief on his Confrontation Clause sub-claim. There is no Confrontation Clause problem when the witness testifies at trial and is subject to unrestricted cross-examination. *See United States v. Owens,* 484 U.S. 554, 560 (1988), and *Crawford v. Washington,* 541 U.S. 36, 59, n.9 (2004). *See also California v. Green,* 390 U.S. 149, 162 (1970) ("Where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem."). Because Berry and Eichenwald testified at petitioner's trial and were subject to cross-examination, petitioner's

Confrontation Clause rights were not violated. Petitioner is not entitled to habeas relief on his second claim.

### C. <u>Claim III—The ineffective assistance of counsel claim</u>

Petitioner alleges that his trial counsel was ineffective for failing to investigate and present available exculpatory physical evidence from a computer hard drive to show that the child pornography was not knowingly in his possession or distributed over the internet. Petitioner also claims that trial counsel was ineffective for failing to call an expert witness to testify that the three pornographic videos could have been loaded by other means onto petitioner's hard drive other than petitioner.

A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F.3d 662, 672 (6th Cir. 2006). Petitioner offers no evidence to support his claim that someone other than petitioner loaded the videos onto his hard drive. Further, a claim "based on counsel's failure to call or interview witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991); *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000). Petitioner has failed to provide the names of potential witnesses or supporting affidavits of the content of their presumed testimony. Consequently, petitioner fails to show that trial counsel was ineffective and is not entitled to relief on his third claim.

### IV. CONCLUSION

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 11, 2017
　　　　Detroit, Michigan